IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 03-20485 Ma |
| REMECO PENNINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON MOTION FOR EXAMINATION OF DEFENDANT PURSUANT TO 18
U.S.C. § 4244 AND MOTION TO CONTINUE SENTENCING

Defendant Remeco Pennington awaits sentencing for nine counts of various violations of federal criminal law. Before the court are Pennington's motion for examination under 18 U.S.C. § 4244 and motion to continue sentencing, filed March 22, 2005. The United States ("the government") responded on April 15, 2005. For the following reasons, the motions are DENIED.

I. Background

Defendant pleaded guilty to counts 1-7 of the superseding indictment on February 10, 2005. A jury found him guilty of counts 8-9 on February 25, 2005. He is scheduled to be sentenced on June 17, 2005. Defendant is currently being held at the West Tennessee Detention Facility.

Some time before March 22, Defendant advised his lawyer that he had been hearing voices, was confused and disoriented, and that he had been counseled at the West Tennessee Detention Facility to seek treatment. Because of these alleged symptoms, Defendant was unable to meet with his probation officer to prepare a presentence report. Defendant requests that he be transferred to a medical facility for a mental examination and that his sentencing hearing be postponed for at least sixty (60) days.

## II. Analysis

A motion under 18 U.S.C. § 4244(a) must be "supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." Id. In addition to concluding, based on available evidence, that a defendant suffers from a mental disease or defect, a court must "make the additional finding that the defendant's condition would best be addressed through hospitalization." United States v. Czubaj, 85 Fed. Appx. 477, 480 (6th Cir. 2004)(citing United States v. Buker, 902 F.2d 769, 770 (9th Cir. 1990)).

Defendant offers only the unsworn statement of his attorney that he suffers from certain symptoms and has received advice to seek treatment. Such evidence is insufficient to require a hearing or continuance under 18 U.S.C. § 4244. See United States v. Bos, 917 F.2d 1178, 1183 (9th Cir. 1990)(holding that no examination or

hearing was warranted where the only evidence was that a therapist said that defendant was "delusional" and had "little perception of his real self").

### III. Conclusion

For the foregoing reasons, the Defendant's motions are DENIED.

So ORDERED this 18th day of May 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 282 in case 2:03-CR-20485 was distributed by fax, mail, or direct printing on May 19, 2005 to the parties listed.

---

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Howard Brett Manis
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT